IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSEPH MICHAEL LADEAIROUS,**

    Plaintiff,

v.                                                        Civil Action No. **3:13CV673**

**MICHAEL GOLDSMITH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Joseph Michael Ladeairous, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this 42 U.S.C. § 1983 action.[1] The action is filed. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.     Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

2

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Factual Background and Summary of the Complaint

On or about August 6, 2010, a jury in the Circuit Court for the City of Norfolk ("Circuit Court") convicted Ladeairous of two counts of robbery and two counts of use of a firearm in the commission of a felony. *See Commonwealth v. Ladeairous*, Nos. CR09003349-00, CR10000565-00, CR10000565-01 and CR10000565-02 (Va. Cir. Ct. Aug. 6, 2010).[2] In his Particularized Complaint, Ladeairous alleges that the following individuals: Michael Goldsmith, Chief of Police for the City of Norfolk, Virginia; Harold Clarke, Director of the Virginia Department of Corrections; and James C. Bodie, Intake Counsel for the Virginia State Bar, "violated [his] First Amendment [right] to the United States Constitution by precluding [him] from petitioning and grieving [his] Government." (Part. Compl. 1-2, 9, ECF No. 11.)[3]

Ladeairous's claims concern ways in which he feels Defendants thwarted his attempts to access materials from an interrogation in which he refused to sign a statement denouncing

---

[2] *See* http://www.courts.state.va.us/courts/ (select "Case Status and Information;" select "Circuit Court" from drop-down menu; select hyperlink for "Case Information"; select "Norfolk Circuit Court" from drop-down menu and follow "Begin" button; type "Ladeairous, Joseph," and then follow "Search by Name" button; then follow hyperlinks for "CR09003349-00," "CR10000565-00," "CR10000565-01" and "CR10000565-02").

[3] The Court employs the pagination assigned to the Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in quotations from Ladeairous's Particularized Complaint.

"having any affiliation with any Irish Republican political organization," (*id.* at 5), that the United States has "designated . . . as [a] foreign terrorist organization," (*id.* at 11). He "submitted to the Norfolk Police Department a request for information pursuant to the Federal Freedom of Information Act (FOIA)[4] . . . for a copy of an interrogation audio and videotape . . . at which time plaintiff was proclaimed a member of the Irish Republican Army . . . ." (*Id.* at 3.) The Norfolk Police Department responded that "Federal FOIA did not apply and that Virginia [state entities are] subject only to the Virginia FOIA[5] . . . [under which] incarcerated persons are afforded no rights . . . ." (*Id.* at 3–4.) Ladeairous appealed, and the Norfolk Police Department denied his request on the same grounds. (*Id.* at 4.)

Ladeairous filed a request with the Central Regional Director's Office of the Virginia Department of Corrections ("DOC") under Virginia FOIA requesting "a copy of a statement" which was "a denouncement of plaintiff having any affiliation with any Irish Republican political organization and party of Ireland which plaintiff refused to sign." (*Id.* at 5.) The DOC denied his request for the same reasons cited by the Norfolk Police Department. (*Id.*)

Ladeairous also filed a complaint with the Virginia State Bar because "a Mr. Christopher Zaleski had failed to turn over to plaintiff discovery" of the same interrogation tape Ladeairous sought in his FOIA request to the Norfolk Police Department. (*Id.* at 6.) The Bar investigated and closed the matter after finding insufficient evidence of misconduct. (*Id.*) Ladeairous filed several requests that the Bar re-review the matter, and each time, Defendant Bodie, on behalf of the Bar, told Ladeairous that the Bar "would not change its earlier decision and . . . must have clear and convincing evidence of misconduct to go on." (*Id.* at 7.)

---

[4] 5 U.S.C §§ 551–559.

[5] Va. Code Ann. §§ 2.2-3700 to 3714 (West 2014).

4

Ladeairous alleges that Defendants, through either denying his FOIA requests or refusing to initiate State Bar disciplinary proceedings, violated his First Amendment rights.

Ladeairous demands "declaratory and injuncti[ve] relief," (*id.* at 13), in the form of (1) Defendant Goldsmith producing a tape of Ladeairous's interrogation, (*id.*); (2) Defendant Clarke producing a copy of a statement Ladeairous previously refused to sign denouncing any affiliation with Irish Republican political organizations, (*id.* at 14); and (3) Defendant Bodie enforcing "the proper procedure according to Rules of the Virginia Supreme Court concerning lawyer's misconduct," (*id.*). As explained below, the Court will DISMISS WITH PREJUDICE Ladeairous's § 1983 action.

C.  **Analysis**

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Ladeairous's Complaint fails to state a claim for several reasons.

1.  **Defendants Goldsmith and Clarke**

For Defendant Goldsmith, Ladeairous states:

> Goldsmith violated plaintiff's First Amendment [rights] to the United States Constitution by precluding plaintiff from petitioning and grieving plaintiff's government because of discrimination of plaintiff due to plaintiff's political beliefs and . . . den[ying] plaintiff's FOIA request for a copy of a September 7, 2009 interrogation tape given for discovery . . . .

(Part. Compl. 9.)

For Defendant Clarke, Ladeairous states:

> Clarke violated plaintiff's First Amendment [rights] to the United States Constitution by precluding plaintiff from petitioning and grieving plaintiff's government because of discrimination of plaintiff due to plaintiff's political

5

> beliefs and . . . den[ying] plaintiff's request under the Virginia [FOIA] . . . for a copy of a statement written by [VDOC] investigators during an interrogation . . . .

(*Id.* at 10.)

The Federal FOIA fails to apply to state or local entities such as the Norfolk Police Department or Virginia Department of Corrections. *See* 5 U.S.C. § 551(1) ("'[A]gency' means each authority of the Government of the United States . . . ."); *Faxon v. Maryland*, No. JFM-10-28, 2010 WL 148707, at *1 (D. Md. Jan. 13, 2010) (citations omitted) ("Statute and relevant case law precludes application of the [Federal] FOIA to a state agency"). Furthermore, the Virginia FOIA specifically excludes incarcerated felons, such as Ladeairous, from having any rights under the Act. Va. Code Ann. § 2.2-3703(C) (West 2014) ("No provision of this chapter . . . shall be construed to afford any rights to any person (i) incarcerated in a state, local or federal correctional facility . . . ."). Accordingly, Ladeairous fails to allege that Defendants Goldsmith and Clarke, by refusing to provide materials in response to his request under the Federal or Virginia FOIA, deprived him of any protected right. Inasmuch as Ladeairous alleges that Defendants acted with discriminatory intent in handling his FOIA requests, he fails to provide any facts to support that conclusion. Accordingly, the Court will DISMISS WITH PREJUDICE Ladeairous's claims against Defendants Goldsmith and Clarke.

### 2. Defendant Bodie

For Defendant Bodie, Ladeairous states:

> Defendant Virginia State Bar intake counsel James C. Bodie violated plaintiff's First Amendment [right] to the United States Constitution [right] by precluding plaintiff from petitioning and grieving plaintiff's government because of discrimination of plaintiff due to plaintiff's political beliefs . . . when defendant denied to enforce the power of the Virginia State Bar and force plaintiff's trial attorney Mr. Christopher Zaleski to turn over a[n] interrogation tape of plaintiff's . . . post-arrest interrogation . . . .

6

(Part. Compl. 11–12.) Specifically, Ladeairous submitted a complaint to the Virginia State Bar, and several requests for reconsideration, regarding his attorney's conduct. The Bar investigated Ladeairous's allegations, and responded to each of Ladearious's requests, each time informing Ladeairous that the Bar would not pursue disciplinary action. (*Id.* at 6–8.)

### a. Absolute Immunity

Ladearious's claim is barred by the Eleventh Amendment. Ladeairous brings his suit against Defendant Bodie in both his official and individual capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal and external citations omitted). The Virginia State Bar is an arm of the state and therefore immune from suit by virtue of the Eleventh Amendment. *See* Va. Code Ann. § 54.1-3910 (West 2014) ("The Virginia State Bar shall act as an administrative agency of the [Supreme] Court [of Virginia]"); *Hunter v. Va. State Bar*, 786 F. Supp. 2d 1107, 1111 (E.D. Va. 2011); *Leach v. Smith*, No. 4:06CV155, 2007 WL 1964457, at *3 (E.D. Va. July 2, 2007) (citation omitted), *aff'd*, 258 F. App'x 526 (4th Cir. 2007). Accordingly, the doctrine of absolute immunity bars Ladeairous's claims against Defendant Bodie. For this reason, the Court will DISMISS WITH PREJUDICE the claims against Defendant Bodie.

### b. Frivolousness and Failure to State a Claim

Furthermore, Ladeairous fails to state a claim under § 1983, as he does not demonstrate that Defendant Bodie deprived him of either a constitutional right or a right conferred by a law of the United States. *See Dowe*, 145 F.3d at 658 (citing 42 U.S.C. § 1983). "'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619

7

(1973). This principle applies with equal force to State Bar disciplinary proceedings. *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (finding plaintiff's claim frivolous, and dismissal with prejudice appropriate, because "[a]ppellants lack any constitutional right to require a State Bar to process a grievance or conduct an investigation") (citing *Doyle v. Okla. Bar Ass'n*, 998 F.2d 1559, 1568 (10th Cir. 1993).[6] Ladeairous fails to identify any protected right of which Defendant Bodie deprived him, and therefore fails to state a claim upon which the Court can grant relief. Because his claims rest upon "'an indisputably meritless legal theory,'" *Clay*, 809 F. Supp. at 427 (quoting *Neitzke*, 490 U.S. at 327), the Court will dismiss Ladeairous's claims against Defendant Bodie with prejudice.

---

[6] These principles derive from opinions on standing. "'[S]tanding and the cause of action based on violation of civil rights' are easily confused." *Doyle*, 998 F.2d at 1566 (alteration in original) (quoting *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir. 1982)). "Even though [the Supreme Court has] been careful to use the terms 'cause of action' and 'standing' with more precision, the distinct concepts can be difficult to keep separate." *Bond v. United States*, 131 S. Ct. 2355, 2362 (2011). For a plaintiff to have standing, he or she must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 598 (2007) (citation omitted) (internal quotation marks omitted) (4th Cir. 2012). Ladeairous arguably lacks standing because "the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer involved." *Doyle*, 998 F.2d at 1567.

In the most apposite case from this Circuit, *Ross v. Baron*, 493 F. App'x 405, the Fourth Circuit failed to clarify the grounds it relied upon in dismissing the plaintiff's claims against the Maryland Attorney Grievance Commission. The Fourth Circuit cited to the portion of *Doyle* where the Tenth Circuit dismissed a § 1983 suit against the state bar's disciplinary board for failure to state a claim, without acknowledging that the *Doyle* court in fact dismissed the case for lack of standing, but "to eliminate any doubt which may arise due to the multiplicity and generality of Doyle's substantive due process claims, . . . elect[ed] to proceed to an alternate holding on the merits." *Doyle*, 998 F.2d at 1567 (citations omitted). The Court need not untangle these overlapping analyses to determine if dismissal for lack of standing is more appropriate, as dismissal is clearly proper because the claims are legally frivolous as stated.

8

### E. Conclusion

For the reasons set forth above, the Court will DISMISS WITH PREJUDICE Ladeairous's claims. The action will be DISMISSED WITH PREJUDICE. The Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4/15/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge